FERN M. STEINER, ESQ. (SBN 118588)
SMITH, STEINER, VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: (619) 239-7200
Fax: (619) 239-6048

Attorneys for SAN DIEGO TRANSIT
SECURITY FUND A.T.U. Local 1309,
BRENDAN SHANNON and LISA FAIR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALLETTA,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO TRANSIT SECURITY FUND A.T.U. LOCAL 1309, BRENDAN SHANNON and LISA FAIR,<br><br>    Defendants. | CASE NO. **'14CV0953 CAB BGS**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br>**[29 U.S.C. 1441, 1446, FRCP 81(c)]**<br><br>(San Diego Superior Court Case No. 37-2014-00304148-SC-SC-CTL) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

    Petitioners/Defendants SAN DIEGO TRANSIT SECURITY FUND A.T.U. LOCAL 1309 ("Fund"), BRENDAN SHANNON ("Shannon") and LISA FAIR ("Fair") (jointly referred to as "Defendants"), by and through their attorneys of record, hereby notice the removal of this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, and respectfully submits to this Honorable Court:

    1.    Fund, Shannon and Fair are Defendants in a civil action filed by Plaintiff, DAVID VALLETTA ("Valletta") on or about January 27, 2014 in the Small Claims Division of the Superior Court of the State of California for the County of San Diego, entitled DAVID VALLETTA v. SAN DIEGO TRANSIT SECURITY FUND A.T.U.

LOCAL 1309, BRENDAN SHANNON and LISA FAIR, San Diego County Superior Court Case No. 37-2014-00304148-SC-SC-CTL.

2. Personal service of the Order to Go to Court and Claim was made on Petitioner/Defendant Shannon on March 19, 2014. The Order to Go to Court and the Claim were left at Local 1309's office for FAIR on March 13, 2013. The Fund was served by certified mail in San Francisco, California on March 31, 2014. All parties have consented to removal of this matter.

3. The Order to Go to Court and Claim is the initial pleading setting forth the claim upon which the action is based. No further proceedings have been made herein in the Superior Court of the State of California in and for the County of San Diego.

4. The following constitute all of the process, pleadings and orders served upon Defendants in the action: Order to Go to Court and Plaintiff's Claim and Information for the Defendant (SC-100) (a true and correct copy are attached hereto as Exhibit "A.")

5. The Fund is an "employee welfare benefit plan" as defined in section 3(1) ERISA, 29 U.S.C. Section 1002(1). On or about November 17, 1967 an Agreement and Declaration of Trust was entered into between San Diego Transit Corporation ("Transit") and San Diego Bus Drivers Union Local 1309 ("Local 1309") for the purpose of providing and maintaining health and welfare benefits through a Trust. A revised Agreement and Declaration of Trust was entered into in 1981. (A true and correct copy of the Revised Agreement and Declaration of Trust is attached as Exhibit "B".) The amount of contributions to be paid by Transit to the Fund is provided in collective bargaining agreements by and between Transit and Local 1309. The Fund satisfies and conforms to the Employee Retirement Income Security Act of 1974, 29 U.S.C. chapter 18 and Section 302(c)(9) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §186(c)(9). The fund's principal place of business is in the County of San Francisco, State of California.

SMITH, STEINER,
VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

6. Shannon is one of six Trustees of the Trust Fund. He is an employer trustee. Shannon's principal place of business is in the County of San Diego, State of California.

7. Fair is one of six Trustees of the Trust Fund. She is a union trustee. Fair's principal place of business is in the County of San Diego, State of California.

8. Defendants are informed and believe that plaintiff is an individual residing within the jurisdiction of the United States District Court for the Southern District of California.

9. At all times material to the Complaint plaintiff was a "participant" in the Fund as that term is defined in section 3(7) of ERISA, 29 U.S.C. §1002(7).

10. At all times material to the Complaint plaintiff was a member of a collective bargaining unit represented by Local 1309. At all times material to the Complaint, the terms of plaintiffs' employment relationship with his employer Transit have been set forth in collective bargaining agreements ("cba")between Transit and Local 1309. (A true and correct copy of the collective bargaining agreement is attached as Exhibit "C"). Section 21 of the cba is entitled "Health and Welfare." It provides for the Trust to be maintained "for the purpose of a Health and Welfare benefit plan." Section 23(A). Section 23(B) and (D) provide for the contributions to the Fund to be made by the employees and by the employer. Section 23(D) also provides language relating to an employee who opts out of the benefits from the Fund.

11. Plaintiff is alleging that "monies were held from his check and not paying his insurance premiums." He requested the Fund reimburse him and he was denied. He is alleging that this happened on 5-30-2010 through 7-31-2012. He is seeking return of monies contributed to the Fund for benefits to which he was entitled but did not receive from the Fund.

12. Plaintiff is alleging that benefits to which he was entitled and for which he paid were withheld by the Fund.

SMITH, STEINER,
VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1       13.     Plaintiff appealed to the Fund concerning his benefits from the Fund.  In the Board of Trustees meeting held on December 20, 2012, it was reported that the "Trustees approved the reinstatement of David Valletta's insurance effective March 1, 2012 without payment of the past weekly copayments." (A copy of the minutes of March 22, 2012 are attached as Exhibit "D").

        14.     Plaintiff requested that the fund reimburse the employee contributions that were deducted from his paycheck during months, 3/12-7/12, in which he was to have had coverage but did not due to the fact that Kaiser did not have a new enrollment application.  The request was considered at the December 20, 2012 Fund meeting. A motion was made by Labor to reimburse David Valletta $1200 in employee contributions for the months he did not have coverage.  There was no quorum present so the Administrative representative for the Fund, Sandra Eatchel was directed to conduct an e-poll of the motion.  (A true and correct copy of the minutes of December 20, 2102 is attached as Exhibit "E").

        15.     Plaintiff appeared at the Fund meeting on March 25, 2013.  He requested that the Fund reconsider his request for reimbursement of $1200 in employee copayments deducted from his wages during the period 3/1/12-7/31/12.  Valletta at the meeting cited that his coverage was reinstated beginning March 1, 2012 but due to the fact Kaiser did not receive a new enrollment form, which was needed because of the lengthy gap in his coverage, he was not enrolled until August 1, 2013.  Valletta stated that he did not receive the new enrollment form that the Administrative office stated it mailed on March 19, 2103.  The Trustees asked that the documents be sent to Counsel for the Fund for her review and

///

recommendation. (A true and correct copy of the minutes of March 25, 2013 is attached as Exhibit "F").

        16.     Plaintiff's request for reimbursement was reported on at the Fund meeting of July 2, 2013.  Following receipt of Counsel's review and comment,

SMITH, STEINER,
VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA  92101
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

4

1 Labor's motion to reimburse Plaintiff a refund of the bi-weekly co-payments did not
2 receive a second from Management and the appeal was denied. The minutes reflect
3 that notification was sent to Plaintiff on May 1, 2013. (A true and correct copy of the
4 minutes of July 2, 2013 is attached as Exhibit "G").

17. Plaintiff never filed a grievance concerning the withholding of contributions pursuant to the cba.

18. A civil action for the withholding or delaying of benefits is claim by a "participant to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan" ERISA Section 502(a), 29 U.S.C. §1132(a). Section 514 of ERISA 29 U.S.C. §1144 provides that ERISA supersedes any and all state laws insofar as they relate to any employee benefit plan. If a claim can be brought under ERISA section 502(a), then the state law action is completely preempted by ERISA section 514(a), 29 U.S.C. §1144, *Ingersoll-Rand Co. V. McClendon*, (1990), 498 U.S. 133; *Pilot Life Ins. Co. V. Dedeaux* (U.S. 1987) 481 U.S. 41, 45-46 (*overruled in part on other grounds*). Federal preemptions is established by 29 U.S.C. §1144(a) which provides that ERISA shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. The provision of benefits is regulated by ERISA.

19. The District Courts of the United States have original jurisdiction of the above entitled civil action pursuant to 28 U.S.C. Section 1331, and this action may therefore be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441 (a)(b). *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 at 1212 (9th Cir., l980); *Olguin v. Inspiration Consolidated Copper Company*, 740 F.2d 1468 at 1472 (9th Cir., l984) (*overruled on other grounds*); *Johnson v. England*, 356 F2d 44 at 47 (9th Cir., 1966) *cert. den.* 384 U.S. 961 (l966).

20. Plaintiff's claim is in reality, a federal claim to recover benefits due him under the terms of his plan or to enforce his rights under the terms of the plan. Such actions are preempted by ERISA, 29 U.S.C. §1132 and §1144. ERISA is expressly

SMITH, STEINER,
VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

concerned with the provision of benefits pursuant to plan documents and Trust Fund documents. *New York State Conference of Blue Cross & Blue Shield Plans v Travelers Ins. Co.* (1995) 514 U.S. 645.

21.  All claims in this action arise out of the same transaction or occurrence -- a claim against the Fund for return of monies contributed to the Fund by Plaintiff as a result of the failure to provide him with benefits pursuant to the Plan and Trust documents.

22.  This Notice is filed within thirty (30) days after service on removing party of Order to Go to Court and Claim in the above-entitled action.

23.  Defendants will promptly file their Notice of Filing Removal with the San Diego County Superior Court.

WHEREFORE, the removing parties, San Diego Transit Security Fund A.T.U. Local 1309, Brendan Shannon and Lisa Fair, pray that the above-entitled action now pending in the Superior Court of the State of California in and for the County of San Diego, Case No. 37-2014-00304148-SC-SC-CTL, be removed from that Court to this honorable Court.

DATED: April 17, 2014                SMITH, STEINER, VANDERPOOL & WAX

BY:  /s/ Fern M. Steiner
FERN M. STEINER
Email: fsteiner@ssvwlaw.com
Attorneys for SAN DIEGO TRANSIT SECURITY FUND A.T.U. Local 1309, BRENDAN SHANNON and LISA FAIR

SMITH, STEINER,
VANDERPOOL & WAX, APC
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: (619) 239-7200
Facsimile: (619) 239-6048